**CENTENNIAL STEVEDORING SERVICES; et al.,**
Petitioners,

v.

**DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS; et al., Respondents.**

No. 04–72224.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 9, 2005.

Decided June 22, 2006.

James P. Aleccia, Esq., Aleccia & Conner, Long Beach, CA, for Petitioners.

Erick L. Richardson, U.S. Department of Labor ESA/OWCP, Long Beach, CA, Thomas Shepard, Benefit Review Board, Carol DeDeo, Associate Solicitor, Mark A. Reinhalter, Attorney, Michael Niss, Helen H. Cox, Esq., LABR—U.S. Department of Labor, Office of the Solicitor, Washington, DC, David Utley, Esq., Law Offices of David Utley, Carson, CA, Eric A. Dupree, Esq., San Diego, CA, for Respondents.

Before: LEAVY, COWEN,* and RAWLINSON, Circuit Judges.

ed States Circuit Judge for the Third Circuit,

**MEMORANDUM \*\***

1. Substantial evidence supports the Administrative Law Judge's (ALJ) finding that Claimant Cosmo Colaruotolo sustained an injury on February 19, 2001, while employed by Centennial Stevedoring Services, and that the February 19, 2001 injury aggravated, accelerated, or combined with his preexisting condition to at least partially create the ultimate disability. *See Metro. Stevedore Co. v. Crescent Wharf & Warehouse Co.*, 339 F.3d 1102, 1104–05 (9th Cir.2003), *cert. denied,* 543 U.S. 940, 125 S.Ct. 309, 160 L.Ed.2d 248 (2004). Accordingly, the Benefits Review Board properly upheld the ALJ's determination that Centennial is the last responsible employer.

2. There was no abuse of discretion in denying Centennial's motion to reopen the evidentiary record. Centennial's new evidence of "collusion" on which the motion to reopen was based does not undermine the validity of the documentary and testimonial evidence on which the ALJ relied. *Cf. E.P. Paup Co. v. Director,* 999 F.2d 1341, 1347 n. 1 (9th Cir.1993) (recognizing the ALJ's broad discretion to correct *mistakes* in the record.). Neither does the new evidence establish that Claimant contravened the goals of the Longshore and Harbor Workers' Compensation Act. *See Keenan v. Director,* 392 F.3d 1041, 1043–44 (9th Cir.2004).

The petition for review is DENIED.

sitting by designation.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.